DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1924.

Armour Grain Company, Appellee, v. James C. Davis, Federal Agent of the President and Director General Grand Trunk Western Railway Company, Appellant.

## Gen. No. 29,046.

1. CARRIERS—*liability as insurer of goods.* The liability of a common carrier receiving property for transportation is that of an insurer of the safety of the goods against all losses except such as arise from an act of God or the public enemy.

2. CARRIERS—*sufficiency of proofs of shortage of goods shipped.* In an action against a carrier for the value of a shortage in a shipment of corn the weight of the corn when loaded into the car was sufficiently proven when the deputy weighmaster of the Chicago Board of Trade testified that he weighed the corn when loaded into the car and that it weighed the amount claimed, and there was no evidence to the contrary.

3. APPEAL AND ERROR—*estoppel to claim lack of proof excluded by appellant.* In an action against a common carrier for a shortage in a shipment of corn where defendant, by its answer to an interrogatory filed in the case, admitted the receipt of the car, and the trial court sustained defendant's objection to the introduction of the bill of lading, saying that "it states the receipt of 72,800 pounds" and that "the defendant company does not deny that it

(1)

received that shipment" defendant cannot be heard to deny that it received that quantity of corn.

4. CARRIERS—*sufficiency of evidence of loss of grain by carrier en route.* Where plaintiff showed that a certain quantity of corn was delivered to defendant carrier for transportation and that the consignee received only a part thereof a prima facie case was made for plaintiff and defendant's suppositions by way of argument as to what may have happened are insufficient to rebut it in the absence of an evidence tending to explain the loss of the grain.

5. APPEAL AND ERROR—*requisites of abstract to show errors.* The abstract must be sufficient to show the errors relied upon as a court of review will not go to the record to search for causes for reversal.

6. CARRIERS—*payment to consignor on judgment as protection against consignee.* In a suit by the consignor against a carrier for the loss of corn during transit where the consignee's treasurer and general manager testified that the suit was brought for its use with its consent, payment of the judgment would protect defendant from any claim by the consignee in the matter.

Appeal by defendant from the Municipal Court of Chicago; the Hon. HOWARD HAYES, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1923. Affirmed. Opinion filed April 14, 1924. Rehearing denied April 28, 1924.

KRETZINGER, KRETZINGER & SMITH, for appellant.

JEFFERY, CAMPBELL & CLARK, for appellee; STEPHEN A. CROSS, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff's statement of claim alleged the delivery to defendant in Chicago of 72,800 pounds of corn to be carried to Vermont, but that upon arrival at destination the car contained only 62,500 pounds. Upon trial by the court, judgment was against defendant for $291.22, the value of the corn claimed to be lost in transit, from which he appeals.

The evidence tended to show that when the corn was loaded in the car on June 13, 1919, it weighed 72,800 pounds; that afterwards the car was inspected

and found to be properly loaded and boarded; it was then sealed; the car arrived at destination June 25, 1919, and was unloaded on the 26th; that the grain was weighed by the consignee and was found to be 62,500 pounds, a shortage of 10,300 pounds. There was no evidence that the seals were broken or that the contents had been disturbed in transit.

The liability of a common carrier receiving property for transportation is that of an insurer of the safety of the goods against all losses except such as arise from an act of God or the public enemy. *Pittsburg, C., C. & St. L. Ry. Co. v. City of Chicago*, 242 Ill. 178; 4 Elliott on Railroads, page 124, sec. 1454.

Defendant argues that it is not sufficiently proven that 72,800 pounds of corn were loaded in the car. The record shows this affirmatively. The deputy weighmaster for the Chicago Board of Trade weighing department testified that he weighed the corn loaded into the car and that it weighed this amount. There is no evidence to the contrary.

Defendant suggests that the car was received by it from a switching track of the Chicago & Northwestern Railroad and that the loss might have occurred before it was received by defendant. There are two sufficient replies: (1) Defendant by its answer to an interrogatory filed in the case admitted the receipt of the car; and (2) the trial court sustained defendant's objection to the introduction of the bill of lading issued by defendant, saying that "it states the receipt of 72,800 pounds," and "The defendant company does not deny it received that shipment." Upon this record defendant cannot be heard to deny the receipt of the shipment of 72,800 pounds of corn.

It is suggested that the loss may have occurred after it arrived at destination but before it was there weighed and unloaded. This is merely a guess with no supporting evidence.

Is it sufficient to impose liability on a carrier for

loss of goods committed to it for transportation only to show the amount delivered to the carrier and that a less amount was delivered at destination? It is undoubtedly the rule that the burden is on the plaintiff to make out a prima facie case.

"When the shipper has made out a prima facie case by showing the delivery of goods to the carrier and their nondelivery at the destination, slight evidence on the part of the carrier may be sufficient to overcome the presumption thereby raised. In order to escape responsibility for the loss or injury of goods the carrier may prove that they in fact were not lost or injured while in his custody; and in general, the only way in which he can do this satisfactorily is by proving when, where, and how the loss did actually occur. The carrier may relieve itself from liability by proving actual delivery, or that the loss occurred from one of the causes recognized at common law as exceptions from its undertaking to deliver shipments safely, such as an act of God, the public enemy, or the act of the owner, or that the loss occurred from a cause within a special contract stipulating for a limitation of liability. These general principles apply to cases of a partial as well as a total failure on the part of a carrier to deliver a shipment entrusted to it." 4 R. C. L., section 371, p. 916.

And again:

"Where the carrier has full custody of the property which has been accepted by him for transportation and the goods are not delivered at their destination, the burden of excusing the nondelivery is upon the carrier, and in the absence of evidence as to how the loss occurred a presumption arises that it resulted from its negligence. In other words upon proof of acceptance and nondelivery a prima facie case of negligence on the part of the carrier is established. * * * If the failure to deliver was due to the act of God, the public enemy, or some cause against which it might lawfully contract, the burden is on it to bring itself within such exception, and upon failing to do so the shipper is entitled to recover." 4 R. C. L., sec. 373, p. 917.

Also from 10 Corpus Juris, 372, paragraph 572:

"But slight evidence of nondelivery is sufficient to throw the burden on the carrier of accounting for the goods and where nondelivery has been shown the burden devolves on defendant to excuse nondelivery."

Plaintiff's testimony shows that a certain quantity of corn was delivered to defendant for transportation, and that the consignee received from defendant only a part thereof. Under the rules above stated this was sufficient to make out a prima facie case for plaintiff and defendant's suppositions, by way of argument, as to what may have happened, are not sufficient to rebut it in the absence of any evidence of facts tending to explain the loss of the grain.

The grain was consigned to and received by the A. H. McLeod Milling Co., name subsequently changed to Caledonia Mills, at St. Johnsbury, Vermont. Upon the trial, it developed that the plaintiff, the Armour Grain Co., brought this suit for the benefit of this consignee and leave was given to file an assignment of the claim to the Armour Grain Co. Defendant questions the validity of this assignment on the ground that it does not comply in certain respects with section 18 of the Practice act, chapter 110 [Cahill's Ill. St. ch. 110, ¶ 18]. It is sufficient to reply that the assignment does not appear in the abstract so that we cannot determine whether the criticisms are justified. As has been repeatedly stated, the abstract must be sufficient to show the errors relied upon, and a court of review will not go to the record to search for causes for a reversal. The treasurer and general manager of the consignee testified that this suit was brought for its use with its consent, hence the payment of this judgment would protect defendant from any claim of the consignee in this matter.

The finding of the court was justified by the evidence and the judgment is affirmed.

*Affirmed.*

Matchett, P. J., and Johnston, J., concur.